IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01143–KMT

TIMOTHY A. JACKSON,

    Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,

    Defendant.

## ORDER

This matter is before the Court on "Defendant's Motion to Stay Proceedings" (Doc. No. 10, filed July 29, 2015).

Defendant requests a stay of all proceedings in this case pending ruling on its "Motion to Dismiss" (Doc. No. 5, filed June 22, 2015). Defendant's Motion to Dismiss includes arguments that Plaintiff's claims are barred by the domestic relations exception, *Younger* abstention, the *Rooker-Feldman* doctrine, and the Eleventh Amendment. (*See id.*) Plaintiff opposes the motion to stay. (*See* Doc. No. 11.)

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District.") (citation omitted). *See also Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery

is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."). Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See*, *e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with

discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Turning to the *String Cheese Incident* factors, the court acknowledges that Plaintiff has an interest in proceeding expeditiously with this case. However, the court finds that this interest is overcome by the burden Defendant might face if it is forced to proceed with discovery only to have the case dismissed for lack of subject matter jurisdiction. *Cf. String Cheese*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."). For similar reasons, the court finds its own convenience also favors a stay; any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction. *Chavous*, 201 F.R.D. at 2. Finally, the interests of non-parties and the public do not prompt the court to reach a different result. Therefore, having balanced the five *String Cheese Incident* factors, the court finds that a stay of discovery is appropriate. Thus, it is

**ORDERED** that "Defendant's Motion to Stay Proceedings" (Doc. No. 10) is **GRANTED**. All proceedings in this matter are **STAYED** pending ruling on the motion to dismiss. The Scheduling Conference set for September 17, 2015, is **VACATED**. Defendant shall file a status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise if the Scheduling Conference should be reset. The deadline for the

parties to complete and file the Pilot Program Consent Form indicating either unanimous consent of the parties or that consent has been declined remains set on September 17, 2015.

Dated this 31st day of August, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge