IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01143–KMT

TIMOTHY A. JACKSON,

    Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,

    Defendant.

---

## ORDER

---

This case comes before the court "Defendant's Motion to Dismiss" (Doc. No. 5 [Mot.], filed June 22, 2015). Plaintiff filed his response on July 16, 2015 (Doc. No. 8 [Resp.]), and Defendant filed its reply on July 28, 2015 (Doc. No. 29 [Reply]).

### STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, asserts claims under 42 U.S.C. § 1983 that the defendant discriminated against him due to his religion by allowing his wife to divorce him in 2005, by granting his ex-wife a protection order against him, by requiring him to pay child support for his children, and by failing to modify child support orders . (*See* Doc. No. 1 [Compl], filed June 2, 2015.)

Plaintiff seeks money damages in the amount of $50,000,000.00, an order expunging his criminal record for violating the protective order, an order terminating the protective order, an

order terminating the state court's child support order, and an order granting him full custody and decision-making authority of his youngest children. (*See generally id.*; *id.* at 65.)

The defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Mot.)

## STANDARDS OF REVIEW

*A.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

B.     *Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## ANALYSIS

To the extent Plaintiff's state court case resulted in a final judgment, the claims are subject to dismissal for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal quotations omitted). The doctrine also bars any "action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision . . . ." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 758–59 (7th Cir. 2003) (collecting cases). Here, though Plaintiff attempts to characterize his claims differently, the claims are efforts to overturn, or at least call into question the validity of, the rulings entered against him by the Colorado state court. Therefore, those claims are subject to dismissal for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.

To the extent Plaintiff asserts claims that involve matters still pending in Colorado state court, those claims are subject to dismissal pursuant to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). That doctrine "requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th

Cir. 2003). Those requirements clearly are satisfied in this case. Plaintiff alleges in his Complaint that the state court had set a July 15, 2015, hearing regarding an ongoing case.[1] (Compl. at 1, ¶ 165(g)-(j).) Moreover, it is beyond dispute that such proceedings implicate important state interests. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir.2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child."). Finally, it is clear that the Colorado state court proceedings offer Plaintiff an adequate opportunity to litigate any federal constitutional issues that may arise and that Plaintiff, in fact, raised such issues in the Colorado state proceedings. (*See* Compl., Attachs. 1-2.)

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that "Defendant's Motion to Dismiss" (Doc. No. 5) is **GRANTED**. This case is dismissed in its entirety without prejudice for lack of jurisdiction.

Dated this 8th day of March, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

---

[1] In his response, Plaintiff states the "child support [case] has been closed as of 15 July, 2015; [and] Petitioner has no outstanding legal issues." (Resp. at 3, ¶ 6.) As such, Plaintiff's claims are subject to dismissal under the *Rooker-Feldman* doctrine, as explained *supra*.